FILED by PG D.C.
MAR 21 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA, )
)
v. ) Case No. 05-60203-CR-MARTINEZ
)
JAMES R. MACARTHUR, )
Defendant. )

---

MOTION TO REQUEST CALCULATION OF REMAINING RESTITUTION

Comes now the Defendant, James R. MacArthur, before this Court to request of this Court a calculation of the restitution remaining in the above case.

On October 19, 2006, Judgment was entered in this case which included an amount of $12,029,198.06 in restitution. The Defendant is aware of funds seized, collected and forfeited through the Federal Trade Commission and other Government agencies in connection with this case, in which the Defendant has not received credit towards his restitution balance. Further, other funds have been seized, collected and forfeited by other co-defendants and their estates in this case, that since the Judgment was jointly entered, this Defendant should receive credit for.

Finally, pursuant to the Eleventh Circuit decision in United States v. Huff, "the Government must deduct any value that a defendant's fraudulent scheme imparted to the victims." United States v. Huff, 609 F. 3d 1240:2101 U.S. App. LEXIS 13069, June 25, 2010. The victims in this case received hardware and software with a value of $24,900 per machine. By the Defendant's calculations subtracting the value received in hardware and software and the money received via seizure, collection and forfeiture, the Defendant's Judgment has been satisfied.

The Mandatory Victim Restitution Act (MVRA) does not allow "double recovery by a victim", U.S. v Stanley, 309 F. 3d 611, 613 (9th Cur. 2002), and affirmed by the Eleventh Circuit in U.S. v. Huff. Since the Federal Trade Commission and the other Government agencies were not victims in the case nor named to receive restitution, the Government in this case was the collection agent for the victims and all monies seized, collected and forfeited must be applied as credit towards this Defendant's remaining balance, as well as all money seized, collected and forfeited by other co-defendants and their estates in this case, as well as value received by the victims in this case in the form of hardware and software.

Therefore, this Court has jurisdiction in this matter to avoid double collection and violation of the MVRA. Quoting the decision in a similar case from the Middle District of Florida, Tampa Division, "1. The Government does not challenge the district court's jurisdiction. While Title 18 U.S.C. Section 3664 (k) does not afford jurisdiction because its 'clear language...allows a defendant to notify the court of any change in his economic circumstances that might affect his ability to pay restitution' U.S. v. Maestrelli, 156 Fed. Appx. 144, 146 (11th Cir. 2005), the court assumes that it has inherent authority to adjust any order of restitution based on amounts recovered by the victim from other sources to avoid double recover." Footnote 1., U.S. v. Anderson, Case No. 8:09-CR-177-T-27MAP August 1, 2012.

In conclusion, the Defendant is asking the Court to acknowledge that based on money and value received, and that to avoid double recovery, that an order be entered acknowledging complete recovery of the $12,029,198.06 entered on October 19, 2006.

James R. MacArthur, Pro Se
3545 South Ocean Blvd. #115
South Palm Beach, FL 33480

CERTIFICATE OF SERVICE

I hereby swear and affirm that on March 19, 2013, I filed the foregoing Motion with the Clerk of the District Court by Pre-Paid, First Class, U.S. Mail. I also swear and affirm that a true and correct copy of the foregoing Motion was filed with the U.S. Attorney's Office in Miami, Florida at the following address:

United States Attorney's Office
99 NE 4th Street
Miami, Florida 33132

The foregoing Motion and true and correct copy was filed by Pre-Paid, First Class, U.S. Mail on this 19th day of March, 2013.

James R. MacArthur, Pro Se
3545 South Ocean Blvd., #115
South Palm Beach, FL 33480