FILED by HH D.C.
ELECTRONIC
MAR 25, 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 25, 2013

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 12-10842-FF
Case Style: USA v. James MacArthur
District Court Docket No: 0:05-cr-60203-JEM-2

The enclosed judgment is hereby issued as the mandate of this court.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Janet K. Spradlin
Phone #: (404) 335-6178

Enclosure(s)

MDT-1 Letter Issuing Mandate

Case: 12-10842 Date Filed: 03/25/2013 Page: 1 of 1 SEALED

**UNITED STATES COURT OF APPEALS**
**For the Eleventh Circuit**

---

No. 12-10842

---

District Court Docket No.
0:05-cr-60203-JEM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES R. MACARTHUR,

Defendant - Appellant.

---

Appeal from the United States District Court for the
Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 21, 2013
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate:
March 25, 2013

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 12-10842
Non-Argument Calendar

D.C. Docket No. 0:05-cr-60203-JEM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES R. MACARTHUR,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(February 21, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

James MacArthur, who is represented by counsel, appeals the district court's denial of his *pro se* motion challenging the order of restitution entered in his

criminal case following his conviction for conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349.

On appeal, MacArthur argues that the district court erred in denying his motion to correct the restitution judgment without a hearing. He asserts that the district court had inherent jurisdiction or retained jurisdiction to alter the restitution order. He further asserts that the restitution order should credit the amount that the government had recovered from a codefendant and as part of its ongoing litigation. Further, the restitution order should have credited against the loss amount the value of property that some of the victims of the fraud had actually received. Finally, he argues that whether the restitution order should be reduced to reflect any tax deductions victims may have been able to take related to their losses is a factual matter that could only be addressed at a hearing.[1]

We review *de novo* whether a district court has jurisdiction. *See United States v. Stossel*, 348 F.3d 1320, 1321-22 (11th Cir. 2003) (reviewing whether a district court had jurisdiction, pursuant to 18 U.S.C. § 3582(b)(3), to consider a defendant's motion to modify his sentence).

The Mandatory Victim Restitution Act of 1996 ("MVRA") obligates the district court to order restitution in certain cases, including fraud cases. *See* 18

---

[1] MacArthur has conceded on appeal that his argument that his restitution order should be reduced due to his substantial assistance is without merit, and thus, we do not address this argument.

U.S.C. § 3663A(c)(1)(A)(ii); *United States v. Dickerson*, 370 F.3d 1330, 1335-36 (11th Cir. 2004). The MVRA sets forth the procedures for ordering restitution, as well as for challenging an otherwise final order of restitution. 18 U.S.C. § 3664(o)(1) provides that an otherwise final order of restitution can be (1) corrected under Federal Rule of Criminal Procedure Rule 35; (2) appealed and modified under 18 U.S.C. § 3742; (3) amended under 18 U.S.C. § 3664(d)(5); or (4) adjusted under 18 U.S.C. §§ 3664(k), 3572, or 3613A. We have held that a defendant cannot challenge a restitution order pursuant to 28 U.S.C. § 2255. *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009). We have further held that the district court does not have the inherent authority to modify a sentence outside of the specific parameters provided by statute and the Federal Rules of Criminal Procedure. *See United States v. Diaz-Clark*, 292 F.3d 1310, 1315, 1317-18 (11th Cir. 2002) (citing *Carlisle v. United States*, 517 U.S. 416, 426, 116 S. Ct. 1460, 1466, 134 L. Ed. 2d 613 (1996) (providing that, whatever the scope of a district court's inherent power, it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure or statutory provisions)).

Although MacArthur asserts that the district court had jurisdiction to consider his arguments, MacArthur does not argue the applicability of any of the procedures set forth in § 3664(o) for challenging an otherwise final restitution

order or cite to any other statutory provision concerning a court's power to modify a restitution order under the circumstances at issue here. Rather, he argues that the district court had inherent or retained jurisdiction to modify the restitution order. However, in the absence of statutory authorization to modify MacArthur's restitution order, the district court lacked jurisdiction to modify the order. *See id.* at 1315, 1318.

Accordingly, we vacate and remand for the district court to dismiss for lack of jurisdiction. *See Stossel*, 348 F.3d at 1322 (vacating and remanding for the district court to dismiss for lack of jurisdiction because the district court lacked jurisdiction under § 3582(b)(3) to consider the defendant's motion to modify his sentence).

**VACATED and REMANDED.**